AO 106 (Rev. 04/010) Application for Search Warrant           AUTHORIZED AND APPROVED/DATE: _____ 9 June 16

# UNITED STATES DISTRICT COURT
for the
WESTERN DISTRICT OF OKLAHOMA

In the Matter of the Search of           )
*(Briefly describe the property to be search*           )
*Or identify the person by name and address)*           )   Case No:  M-16-*176*-BMJ
                                        )
Premises located at                     )
7820 East State Highway 9,              )   **FILED**
Norman, OK 73026                        )
                                            JUN 09 2016
                                            CARMELITA REEDER SHINN, CLERK
## APPLICATION FOR SEARCH WARRANT       U.S. DIST. COURT, WESTERN DIST. OKLA.
                                                            BY _____ DEPUTY

I, H. Cris Lang, a federal law enforcement officer, request a search warrant and state under penalty of perjury that I have reason to believe that on the following property *(identify the person or describe property to be searched and give its location)*:

**Premises, located 7820 East State Highway 9, Norman, OK 73026 as more fully described in "Attachment A," which is attached and incorporated by reference herein.**

Located in the Western District of Oklahoma, there is now concealed *(identify the person or describe the property to be seized)*:

**See "Attachment B," which is attached and incorporated by reference herein.**

The basis for the search under Fed. R. Crim.P.41(c) is *(check one or more)*:
- ☒ evidence of the crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☒ property designed for use, intended for use, or used in committing a crime;
- ☒ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Codes Sections | Offense Descriptions |
|---|---|
| 18 U.S.C. § 1589(3) | Obtaining the labor or services of a person by means of abuse or threatened abuse of law or legal process. |

The application is based on these facts:

See attached Affidavit of Special Agent H. Cris Lang, Federal Bureau of Investigation (FBI), which is incorporated by reference herein.

- ☒ Continued on the attached sheet(s).
- ☐ Delayed notice of [No. of Days]  days *(give exact ending date if more than 30 days)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet(s).

_____
*Applicant's signature*
H. Cris Lang
Special Agent, FBI

Sworn to before me and signed in my presence.

Date: 6/9/16

Judge's signature

City and State: Oklahoma City, Oklahoma

BERNARD M. JONES, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF

## AN APPLICATION FOR A SEARCH WARRANT

I, H. Cris Lang, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I have been employed as a Special Agent of the FBI since March 1998. As a Special Agent, I am authorized to investigate violations of the laws of the United States and to execute warrants issued under the authority of the United States.
2. I am conducting an investigation of Rany Kchao, of Norman, Oklahoma, for his activities as it relates to forced labor.
3. I submit there is probable cause to believe Kchao has knowingly obtained the labor or services of a person by means of abuse or threatened abuse of law or legal process, in violation of 18 U.S.C. § 1589(B).
4. I am submitting this affidavit in support of a search warrant authorizing a search of the location, to include computer(s), computer equipment, cellular telephones, listed in Attachment A, for the person and items that may be used in bringing a victim to the United States and being compelled to work against their will as specified in Attachment B hereto, which items constitute instrumentalities, fruits, and evidence of the foregoing violations. Pursuant to the authorities of this Court and Rule 41 of the Federal Rules of Criminal Procedure, I am requesting authority to search

the location listed in Attachment A, for the person and items specified in Attachment B, and to seize the person and items listed in Attachment B as instrumentalities, fruits, and evidence of the aforementioned crimes.

5. Since this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me regarding this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to support the issuance of a search warrant.

## TRAFFICKING STATUTES

6. Title 18, Chapter 77, contains a number of different criminal statutes prohibiting various forms of compelled or coerced labor, services, or commercial sex. The statutes passed in the post-civil war era are sometimes referred to as Involuntary Servitude and Slavery crimes. The remaining statutes were passed as part of the Trafficking Victims Protection Act of 2000.

**A. Involuntary servitude and slavery statutes**

7. The involuntary servitude and slavery statutes, codified at 18 U.S.C. §§ 1581-1584 (2000), include § 1584's prohibition against involuntary servitude, § 1581's prohibition against peonage, and § 1583's prohibition against enticement into slavery. These statutes have been interpreted by the Supreme Court in *United States v. Kozminski*, 487 U.S. 931, 952 (1988), to require very specific forms of coercion limited to physical force or restraint, threats of physical force or restraint, or threats of legal coercion tantamount to incarceration. The involuntary servitude statute requires proof that

a person was held in service to another for a term through one of these prohibited means of coercion. The peonage statute requires proof of all of the elements of involuntary servitude plus proof that the servitude was tied to the discharge of a debt.

### B. Trafficking Victims Protection Act statutes

8. The main provisions of the Trafficking Victims Protection Act (TVPA) are the forced labor statute, 18 U.S.C. § 1589(2000), and the sex trafficking statute, 18 U.S.C. § 1591(2006). Both of these statutes criminalize broader forms of coercion than those prohibited under the older, involuntary servitude and slavery statutes and include threats of nonphysical harm as well as threats of harm to third persons.

9. Section 1589 prohibits the obtaining of labor or services by any of three means:
   a. by threats of serious harm to or physical restraint of any person;
   b. by means of a scheme, plan, or pattern intended to cause the person to believe that they or another would suffer serious harm or physical restraint if they did not perform such services; or,
   c. by means of the abuse or threatened abuse of law or legal process.

10. To convict a defendant of forced labor, the government must prove that a defendant knowingly used one or more of these means to provide or obtain the labor or services of another person. The term "serious harm" under this statute encompasses physical and

nonphysical types of harm and the statute by its terms applies to threats toward third persons, such as a victim's family members.

11. The TVPA contains additional criminal provisions including, 18 U.S.C. § 1592 (2000), which prohibits the withholding of identification documents in connection with a trafficking offense, 18 U.S.C. § 1590 (2000), which prohibits trafficking a person into servitude, and 18 U.S.C. § 1594(2000), which makes an attempted violation of Chapter 77 punishable to the same extent as a completed violation.

## PROBABLE CAUSE

12. On June 1, 2016, the Oklahoma City Field Office of the Federal Bureau of Investigation received information from the United States Department of Labor (DOL), Assistant District Director Mike Lonesky regarding possible human trafficking activity at Norman, Oklahoma.

13. According to Mr. Lonesky, DOL investigators interviewed Beverly Marlow. Ms. Marlow had been previously employed at the Whispering Pines Inn Bed and Breakfast (formally known as the Whispering Pines Inn) located at 7820 East State Highway 9, Norman, Cleveland County, Oklahoma, within the Western District of Oklahoma. While working there, Ms. Marlow sustained an on the job injury and has not worked there since December 2015.

14. Ms. Marlow provided a written statement to DOL investigators. Based on Ms. Marlow's statement, the owners of the Whispering Pines Inn Bed and Breakfast were identified as Rany Kchao and his wife Thavory Kchao (referred to as Terry). The Kchaos are from Cambodia. Approximately two years ago, a Cambodian female by

the name of At Toem, also known as Srey, traveled to the United States to work for the Kchaos at the Whispering Pines Inn Bed and Breakfast. According to immigration documents, Toem is not related to the Kchaos.

15. The Kchaos sponsored Toem's immigration petition, and made her sign a promissory note for $8,000.00. The Kchaos told Toem that it would take her three years for her to pay off the note. The $8,000.00 was for her passage to the United States and payment to her family in Cambodia. Based on a preliminary review by the Department of Labor investigator, Toem should have received approximately $80,000.00 in wages to date based upon her working at a minimum wage rate for the seven days a week, 14-15 hour work days she has been working.

16. According to Ms. Marlow, the Kchaos maintain all of the original identification documents of Toem (to include immigration documents), and do not allow Toem to have access to them. Toem is allowed to keep a copy of the Resident Card and the I-134 (Affidavit of Support).

17. Toem told Ms. Marlow that she was told that she had won a lottery to come to the United States. Toem works seven days per week at the Whispering Pines Inn Bed and Breakfast, and often working from 7:00 a.m. until 9 or 10:00 p.m. However, Ms. Marlow never saw Toem receive wages from the Kchaos. The Kchaos hold Toem's visa and other forms of identification, and do not permit Toem to leave the premises unless she is with Thavory or Rany Kchaos. Toem speaks limited English, and lives with the Kchaos in their house in a room with Thavory's mother. Toem is afraid of

Thavory Kchao, and Ms. Marlow has seen Thavory Kchao being emotionally cruel to Toem. On at least one occasion Thvory Kchao hit Toem with a towel, because a guest had stolen a towel.

18. Toem has a cellular telephone, and Ms. Marlow communicates with Toem through hand motions, some English, texting, and e-mails. In January 2016, Toem sent a text to Ms. Marlow in which she wrote, "Grandma why do I they look down on me? I'm alone."

19. In another text sent in January, 2016, Toem wrote, "Am I stupid? Grandma pa. Why they always say like that. It was make me hurt my heart and my mind. I try save money to them. I will leave."

20. On one occasion Ms. Marlow took Toem on a short trip to a local lake without the Kchao's knowledge. Toem was extremely nervous about being caught by the Kchaos.

21. Toem gave birth to a girl in May 2015. Ms. Marlow understands from Toem that she was forced to give the baby up for adoption. Toem would not discuss the baby's father's identity. Toem seemed upset about giving up her baby.

**LOCATION TO BE SEARCHED AND THINGS TO BE SEIZED**

22. It is requested that a warrant for the search of the premises known as the Whispering Pines Inn Bed and Breakfast located at 7820 East State Highway 9, Norman, Cleveland County, Oklahoma, within the Western District of Oklahoma, to include both the business and the owner's residence for the natural person of At Toem, immigration documents regarding At Toem, employment documents regarding At Toem, computer records/data of the same (including cell phone) and adoption documents regarding the child of At Toem.

23. Based on the foregoing to include excessive work schedule, lack of just pay, the mental abuse, the withholding of Immigration/Identification documents, and the exploitation of an $8,000.00 promissory note from 2015, I request that the court issue the proposed search warrant.

Respectfully submitted,

_____
H. CRIS LANG
Special Agent, Federal Bureau of Investigation

Subscribed and sworn to before me
on June 9, 2016:

_____
BERNARD M. JONES
United States Magistrate Judge

# ATTACHMENT A
## LOCATION TO BE SEARCHED

7820 East State Highway 9, Norman, OK 73026
Cleveland County, Western District of Oklahoma





1



## ATTACHMENT A
## LOCATION TO BE SEARCHED

The premises known as the Whispering Pines Bed and Breakfast is located at 7820 East State Highway 9 in Norman, off of State Highway 9, between SE 72nd and SE 84th Ave. The search is to include both the business and the owner's residence for the natural person of At Toem.





2



## ATTACHMENT A
## LOCATION TO BE SEARCHED

The property sits on approximately 19.5 acres and has many structures on the premises. The primary focus is to be in the main building (bed and breakfast), which includes the office, and the residence of At Toem.



3



## ATTACHMENT B

### ITEMS TO BE SEIZED

1. Items of personal property that tend to identify the person(s) in residence, occupancy, control, or ownership of the premises that is the subject of this warrant, including but not limited to canceled mail, deeds, leases, rental agreements, photographs, personal telephone books, diaries, utility and telephone bills, statements, identification documents, locks and keys;

2. Documents indicating travel in interstate commerce, to include airline tickets, notes and travel itineraries; airline schedules; bills; charge card receipts; hotel, motel, and car rental statements; correspondence with travel agencies and other travel-related businesses; airline, rent-a-car, and hotel frequent flier or user cards and statements; passports and visas; telephone bills; photographs of foreign locations; and papers relating to domestic and international travel;

3. Photographs of associates;

4. Computers and stored electronic data containing business and financial records;

5. Cellular telephones with numbers stored within and their associated records;

6. Any electronic devices with numbers stored within and their associated records;

7. Immigration documents regarding At Toem;

8. Employment documents regarding At Toem;

9. Adoption documents regarding the child of At Toem; and

10. The person of At Toam

